UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ISIDORO RIVERA, et al.,

                        Plaintiffs,

                                                                      **ORDER**
            -against-                                   CV 06-2613 (DRH)(ARL)

THE INCORPORATED VILLAGE OF
FARMINGDALE, et al.,

                        Defendants.

----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiffs request that the court schedule a pre-motion conference regarding their anticipated motion for an order directing the defendants to attend a Rule 26(f) planning conference or, alternatively, enter a discovery scheduling order pursuant to Rule 16(b). The defendants oppose the application and request that the court stay discovery pending decision on the motion to dismiss the complaint.

      The law is clear in this court that there is no automatic stay of discovery pending the determination of a motion to dismiss. See, e.g., Osan Limited v. Accenture LLP, CV 05-5048 (SJ)(MDG), 2006 WL 1662612, *1 (E.D.N.Y. June 13, 2006). The defendants do not contend otherwise. Rather, defendants urge that the court find that there is "good cause" to stay discovery in this case. Federal Rule of Civil Procedure 26(c) permits a district court to stay discovery during the pendency of a motion to dismiss for "good cause shown." Fed. R. Civ. P. 26(c); see also Port Dock and Stone Corp. v. Old Castle North East, Inc., No. CV 05-4294 (DRH), 2006 WL 897996 (E.D.N.Y. March 31, 2006); United States v. County of Nassau, 188 F.R.D. 187, 188 (E.D.N.Y. 1999). The party seeking a stay of discovery bears the burden of showing good cause. Osan, 2006 WL 1662612, at *1.

      In deciding whether to grant a discovery stay, a court "must look to the particular circumstances and posture of each case." Osan, 2006 WL 1662612, at *1. In determining whether a stay of discovery is warranted, courts generally consider the following factors: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." Port Dock, 2006 WL 897996, at *1. Consideration of "the nature and complexity of the action" and "whether some or all of the defendants have joined in the request for a stay" are also relevant to the analysis. Id.

      Here, the plaintiffs' amended complaint asserts nine claims for relief for alleged violations of the Fair Housing Act, 42 U.S.C. §3604(a), the New York State Fair Housing Act, New York Executive law § 296(6), and for breach of the implied warranty of habitability. The court has reviewed the Village's motion and finds that while the moving defendant may achieve some level

of success, it is doubtful that action will be dismissed in its entirety.

      Given these circumstances, a full stay of discovery is unwarranted. However, to accommodate the defendants' concerns that the depositions of Village officials will be unnecessarily costly and burdensome, the court directs that until such time as the motion to dismiss is decided that discovery be limited to document discovery. Accordingly, the court has prepared the attached proposed pretrial scheduling order. The parties are directed to electronically file a letter by October 29, 2007 indicating either their consent to entry of the proposed scheduling order, or their proposed changes as well as any other issues that the parties would like to address with the court. The parties shall notify the undersigned in writing within two weeks of a decision on the motion to dismiss. Finally, the cross-motions for sanctions are denied.

Dated: Central Islip, New York  
       October 17, 2007

**SO ORDERED:**

_____/s/_____  
ARLENE R. LINDSAY  
United States Magistrate Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ISIDORO RIVERA, et al.,

       Plaintiffs,

  -against-

THE INCORPORATED VILLAGE OF
FARMINGDALE, et al.,

       Defendants.
------------------------------------------------------------X

**PROPOSED SCHEDULING ORDER**
CV 06-2613 (DRH)(ARL)

**LINDSAY, Magistrate Judge:**

 The following pretrial schedule is adopted:

February 28, 2008:  Deadline for the commencement of motion practice for joinder of additional parties or amendment of pleadings.

May 29, 2008:  All discovery, inclusive of expert discovery, to be concluded.

June 11, 2008:  Any party seeking to make a dispositive motion must take the first step in the motion process by this date or risk forfeiting the right to make such a motion. Parties are directed to consult the district judge's individual rules regarding such motion practice.

June 24, 2008:  Final conference before the undersigned at **11:00 a.m.** Parties are to electronically file a proposed joint pretrial order in compliance with the district judge's individual rules, signed for counsel for each party, prior to the conference.

      Meaningful settlement discussions will occur at the conference. Clients or other persons with full settlement authority must attend or be available by telephone.

 This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing and submitted in accordance with the undersigned's Individual Rule 1(D).

 All parties are advised that they are under a continuing obligation to keep the Court apprised of any changes in their contact information including, but not limited to their addresses.

Dated: Central Islip, New York **SO ORDERED:**

_____
ARLENE ROSARIO LINDSAY